1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TRENT W. SWISHER,

11            Petitioner,                         No. 2:12-cv-0844 KJN P

12        vs.

13   E. VALENZUELA,

14            Respondent.                    ORDER

15   _____/

16            Petitioner is a state prisoner proceeding without counsel.  Both parties consented

17   to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  On January 11,

18   2013, petitioner filed a motion for summary judgment.  Petitioner contends that respondent failed

19   or refused to respond to the court's order to show cause within forty days, and claims that "the

20   facts contained within the habeas corpus petition 'have not' been disputed by the respondents."

21   (Dkt. No. 16 at 2.)  Petitioner argues that the petition should be granted.

22            Here, the record reflects that on April 9, 2012, respondent was directed to file a

23   response to the petition for writ of habeas corpus within sixty days.  On June 25, 2012,

24   respondent was granted an extension of time until July 9, 2012, in which to file a response.  On

25   July 3, 2012, respondent filed an answer.  Rule 5 of the Rules Governing Section 2254 Cases

26   provides that the "respondent is not required to answer the petition unless a judge so orders."  Id.

1

1 Thus, respondent filed a timely answer pursuant to the court's orders, and the answer reflects that

2 respondent disputes petitioner's habeas claims, and contends there is no lawful basis to issue the

3 writ.  Thus, petitioner's motion for summary judgment is without merit.

4         The cases on which petitioner relies are inapposite.  For example, in one case

5 cited by petitioner, In U.S. ex rel. Mattox v. Scott, 507 F.2d 919 (7th Cir. 1974), the respondent

6 was granted four extensions of time before the respondent filed a dispositive motion.  Moreover,

7 all of the cases cited by petitioner were issued prior to major changes to the Rules Governing

8 Section 2254 Cases in 1976, and prior to Congress passing the Antiterrorism and Effective Death

9 Penalty Act of 1996 ("AEDPA"), which limited a federal court's power to grant habeas relief

10 unless the state court's adjudication of the claim:

11         (1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as

12         determined by the Supreme Court of the United States; or

13         (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the

14         State court proceeding.

15 28 U.S.C. § 2254(d).

16         Accordingly, IT IS HEREBY ORDERED that petitioner's January 11, 2013

17 motion for summary judgment (dkt. no. 16) is denied.

18 DATED:  January 16, 2013

19

20                              KENDALL J. NEWMAN

21                              UNITED STATES MAGISTRATE JUDGE

22 swis0844.msj

23

24

25

26